**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4598**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARY ALICE ANDERSON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior District Judge.  (7:09-cr-00025-GRA-1)

_____

Submitted:  March 29, 2010         Decided:  May 5, 2010

_____

Before NIEMEYER, MICHAEL,[1] and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

---

[1] Judge Michael was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Alice Anderson pled guilty without a plea agreement to four counts of fraudulently using social security numbers, 42 U.S.C.A. § 408(a)(7)(B) (West Supp. 2009), and one count of aggravated identity theft, 18 U.S.C.A. § 1028A(a)(1) (West Supp. 2009). She was sentenced to one day, concurrent, on the fraudulent use charges, and two years, consecutive, for identity theft. She now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Anderson's sentence is reasonable but stating that there are no meritorious issues for appeal. Anderson was notified of her right to file a pro se supplemental brief but has not filed such a brief. We affirm.

Our review of the transcript of the plea colloquy discloses full compliance with Fed. R. Crim. P. 11. Furthermore, the record reveals that Anderson entered her plea voluntarily and knowingly and that there was a factual basis for the plea. We have identified no meritorious appellate issues related to the convictions.

Turning to Anderson's sentence, our review is for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The one-day sentence on the fraudulent use counts falls within Anderson's advisory Guidelines range of 0-6 months; we afford a presumption

3

of reasonableness to this within-Guidelines sentence. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). Additionally, the consecutive, two-year sentence for identity theft was statutorily mandated. See 18 U.S.C.A. § 1028A(a)(1), (b)(2) (West Supp. 2009). "A statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

In sentencing Anderson, the district court did not apply the 18 U.S.C. § 3553(a) (2006) sentencing factors or explain the sentence, as Gall requires. See Gall, 552 U.S. at 51. Although the court did not "place on the record an individualized assessment based on the particular facts before it," United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009), the parties did not object to this error in the district court.[2] Anderson was not eligible for a sentence of probation. See 18 U.S.C.A. § 1028A(b)(1) (West Supp. 2009). Further, she received a sentence at the lowest end of her advisory Guidelines range for the fraudulent use offenses, and received the statutorily required consecutive sentence for identify theft. Accordingly, the error did not affect Anderson's substantial

---

[2] At sentencing, Anderson requested a within-Guidelines sentence--specifically, a sentence of one day--on the fraudulent use counts, to be followed by a two-year sentence for identity theft.

rights, and we decline to recognize it.  See <u>United States v. Branch</u>, 537 F.3d 328, 343 (4th Cir. 2008) (stating plain error standard of review), <u>cert. denied</u>, 129 S. Ct. 943 (2009).

In accordance with <u>Anders</u>, we have thoroughly reviewed the record for any meritorious issues and have found none. We therefore affirm.  This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>